UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN J. FITZPATRICK, and<br>CANDICE FITZPATRICK,<br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Defendant. | **COMPLAINT AND JURY CLAIM**<br><br>**Civil Action No.** |

## I.  PARTIES

1.  The plaintiffs, Steven J. Fitzpatrick and Candice Fitzpatrick, husband and wife, are individuals residing at 25 Bartley Street, #2, Wakefield, County of Middlesex, Commonwealth of Massachusetts.

2.  The defendant, the United States of America ("United States"), is the appropriate defendant under the Federal Tort Claims Act.

## II.  JURISDICTION AND VENUE

3.  This Court has jurisdiction pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, et seq.) and 28 U.S.C. §§1346(b)(1), for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of employees of the United States Government while acting within the scope of their offices and employment, under circumstances where the United States, if a private person, would be liable to the plaintiffs in accordance with the laws of the Commonwealth of Massachusetts and the United States of America.

4. The plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 by presenting their claim to the appropriate agency within the United States Postal Service ("USPS"), an agency of the executive branch of the United States, and the USPS has failed to make a final disposition of the claim within six months.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the plaintiffs reside in this District, and the events and omissions giving rise to the claims and losses occurred in this District.

### III.   FACTS

#### A. The Accident

6. Shortly before 6:00 pm on February 25, 2020, the plaintiff, Steven J. Fitzpatrick, was a restrained driver traveling southbound on South Street in Reading, Massachusetts when a Postal Truck traveling in the opposite direction entered his lane of traffic (the "Accident").

7. The Postal Truck, operated by USPS employee Robert T. McCanus ("McCanus"), struck the front, driver's side of Steven J. Fitzpatrick's vehicle.

8. McCanus was acting within the scope of his employment as a federal civil service employee with the USPS, an agency of the United States, at the time of the Accident.

9. The Reading Police Department arrived at the scene and reported that Steven J. Fitzpatrick's vehicle was in his lane of travel upon arrival at the scene. A true and accurate copy of the Motor Vehicle Crash Report is attached as Exhibit 1.

### B.  Plaintiff's Injuries

10. Steven J. Fitzpatrick suffered the immediate onset of pain to his left shoulder, neck and lower back.

11. Steven J. Fitzpatrick was transported from the scene of the Accident via ambulance to the Winchester Hospital Emergency Department.

12. By the time he arrived at the hospital, Steven J. Fitzpatrick also developed a headache as a result of the Accident.

13. At the hospital, Steven J. Fitzpatrick received treatment for his injuries, including an x-ray for his left elbow and arm.

14. Following his discharge from the hospital, Steven J. Fitzpatrick received follow up medical care from his primary care physician for acute bilateral low back pain, neck pain, acute pain of his left shoulder, and a muscle contraction headache.

15. He subsequently began a course of physical therapy for the injuries he sustained as a result of the Accident, including strain of the muscle, fascia and tendon of the lower back and ongoing pain in his left shoulder.

16. Steven J. Fitzpatrick's physical therapy treatment was interrupted by the COVID-19 pandemic, but he returned to physical therapy in January 2021 for ongoing strain of the muscle, fascia and tendon of the lower back as a result of the Accident.

17. His medical treatment remains ongoing.

18. Steven J. Fitzpatrick was out of work for three days following the Accident, returning to light duty the following week.

19. As a direct result of the Accident, Steven J. Fitzpatrick was caused to incur $6,789.86 in medical expenses which sum is accruing due to his ongoing medical treatment.

20. Prior to the Accident, Steven J. Fitzpatrick was in good health, functionally independent and was fully capable of working at his full capacity and not dependent on the care of others.

21. Steven J. Fitzpatrick provided care, love, support, companionship and affection toward his wife, Candice Fitzpatrick.

22. As a result of the Accident, Steven J. Fitzpatrick was unable to provide the care, love, support, companionship and affection toward his wife, Candice Fitzpatrick.

### C.     Denial of Claim by the USPS

23. On May 12, 2020, Steven Fitzpatrick served a Standard Form 95 Claim for Damage, Injury or Death upon the USPS in accordance with the Federal Torts Claim Act for the sum certain of $40,000. A true and accurate copy of the Claim Form is attached as Exhibit 2.

24. On May 12, 2020, Candice Fitzpatrick served a Standard Form 95 Claim for Damage, Injury or Death upon the USPS in accordance with the Federal Torts Claim Act for the sum certain of $10,000. A true and accurate copy of the Claim Form is attached as Exhibit 3.

25. The USPS received the Claims on June 11, 2020.

26. On January 13, 2021, the plaintiffs forwarded additional documentation requested by the USPS documenting their damages.

27. More than six months have elapsed from the date the USPS received the plaintiffs' claims, and the USPS has failed and otherwise refused to fully adjudicate the claim.

## COUNT I
### (Negligence – Steven J. Fitzpatrick v. United States)

28. The plaintiffs incorporate by reference paragraphs 1 through 27 of the Complaint and Jury Claim as if fully set forth herein.

29. McCanus was acting within the scope of his employment by the USPS, an agency of the United States, where the United States, if it were a private person, would be liable to plaintiffs in accordance with the laws of the Commonwealth of Massachusetts.

30. Under Massachusetts law, a claim for negligence requires that the defendant owe the plaintiff a legal duty, the defendant breached that duty, and the defendant's breach proximately caused damages to the plaintiff.

31. McCanus owed a legal duty of care to Steven J. Fitzpatrick as a fellow motorist.

32. McCanus breached the duty owed to Steven J. Fitzpatrick when he entered Steven J. Fitzpatrick's lane of travel and struck Steven J. Fitzpatrick's motor vehicle.

33. As a direct and proximate result of the aforesaid negligent acts by McCanus, Steven J. Fitzpatrick was caused to suffer, and continues to suffer, from

personal injuries, pain and suffering, and has incurred past and will incur future medical expenses.

34. The United States is liable for the negligent acts of McCanus, an employee of the USPS, an agency of the United States, acting within the scope of that employment.

WHEREFORE, the plaintiff, Steven J. Fitzpatrick, hereby demands that judgment enter on his behalf and against the defendant, the United States, in the amount of $40,000.00, the sum certain presented to the USPS pursuant to the provisions of the Federal Torts Claim Act.

## COUNT II
### (Loss of Consortium – Candice Fitzpatrick v. United States)

35. The plaintiffs incorporate by reference paragraphs 1 through 34 of the Complaint and Jury Claim as if fully set forth herein.

36. McCanus was acting within the scope of his employment by the USPS, an agency of the United States, where the United States, if it were a private person, would be liable to plaintiffs in accordance with the laws of the Commonwealth of Massachusetts.

37. Under Massachusetts law, a claim for loss of consortium requires that the plaintiff's spouse be injured by the defendant's negligent action, causing the plaintiff to suffer the loss of love, society, affection, companionship, and sexual relations of the spouse.

38. At all times material hereto, Candice Fitzpatrick has been, and continues to be the wife of Steven J. Fitzpatrick.

39. At all times during Candice Fitzpatrick's marriage to Steven J. Fitzpatrick prior to February 25, 2020, Steven J. Fitzpatrick was in good health, active, functionally independent, worked fulltime and was fully capable of working and earning income, was not dependent on others for his activities of daily living and provided care, love, support, companionship and affection for and toward Candice Fitzpatrick.

40. As a result of the negligent acts of McCanus, as heretofore described, Candice Fitzpatrick was caused to suffer loss of consortium, loss of society, loss of affection, loss of assistance and loss of sexual enjoyment, all to the detriment of her marital relationship with Steven J. Fitzpatrick.

41. All of Steven J. Fitzpatrick's injuries and damages, as heretofore described, were caused solely and proximately by the negligence of McCanus.

42. The United States is liable for the negligent acts of McCanus, an employee of the USPS, an agency of the United States, acting within the scope of that employment.

WHEREFORE, the plaintiff, Candice Fitzpatrick, hereby demands that judgment enter on her behalf against the defendant, the United States, in the amount of $10,000.00, the sum certain presented to the USPS pursuant to the provisions of the Federal Torts Claim Act.

## **JURY DEMAND**

The plaintiffs, Steven J. Fitzpatrick and Candice Fitzpatrick, claim a trial by jury on all counts so triable.

        STEVEN J. FITZPATRICK, and
        CANDICE FITZPATRICK,
        By their attorneys,

        */s/ Sarah E. Eckert*
        SETH H. HOCHBAUM - BBO NO. 568118
        SARAH E. ECKERT – BBO NO. 688894
        REGNANTE STERIO LLP
        Edgewater Office Park
        401 Edgewater Place, Suite 630
        Wakefield, MA 01880-6210
        shochbaum@regnante.com
        seckert@regnante.com
        (781) 246-2525

Dated: January 25, 2021